RECEIVED
SEP 25 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHERYL FURLOW | CIVIL ACTION NO. 10-1210 |
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is the Motion for Summary Judgment filed by the United States of America (Doc. 24). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be DENIED.

### I. Procedural Background

On July 28, 2010, Plaintiff filed a Complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. alleging on August 26, 2008, when exiting the VA Hospital in Pineville, LA, Plaintiff tripped and fell from a "substantial drop-off." (Doc. 1). Plaintiff claims Defendant was negligent because it owned and maintained unreasonably dangerous premises, failed to warn Plaintiff about the drop-off, and failed to configure the premises to prevent harm. (Doc. 1). As of April 21, 2010, Plaintiff contends she exhausted her administrative remedies with the Veteran's Health Administration and the Department of Veterans Affairs. (Doc. 1).

## II. Law and Analysis

### A. Legal Standard

*1. Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

*2. Federal Tort Claims Act (FTCA)*

It is well settled that "'the United States as sovereign, is immune from suits save as it consents to be sued.'" Creel v. United States, 2010 WL 685615, at *2 (5th Cir. Mar. 1, 2010) (quoting Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998)). "'Absent a waiver of sovereign immunity, the federal government is immune from suit.'" Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007) (quoting Lewis v. Hunt, 492 F.3d 565, 570 (5th Cir. 2007)).

2

The FTCA constitutes a limited wavier of the federal government's immunity from suit. See Linkous, 142 F.3d at 275. "Under the FTCA, Congress has waived sovereign immunity and has granted consent for the government to be sued for acts committed by any 'employee of the Government while acting within the scope of his office or employment.'" Id. (quoting 28 U.S.C. § 1346(b)). Put another way, "[t]he FTCA abrogates the Government's sovereign immunity for torts committed by its employees in circumstances where, if the Government were a private person, the Government would be liable under state law." Martin v. Halliburton, 2010 WL 1038565, at *7 (5th Cir. Mar. 23, 2010).

The FTCA determines liability based on "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This phrase "refers exclusively to state law," and requires an act or omission to arise under state law in order for a FTCA claim to exist. Brown v. United States, 653 F.2d 196, 201 (5th Cir. 1981).

We observe that "[c]ourts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." Id. Therefore, the limited waiver of sovereign immunity found in the FTCA must be strictly construed in favor of the federal government. See Leleux v. United States, 178 F.3d 750, 754 (5th Cir. 1999).

### 3. Unreasonable Risk of Harm

"The general rule is that the owner or custodian of property has a duty to keep the property in a reasonably safe condition." Pryor v. Iberia Parish Sch. Bd., 60 So. 3d 594, 596 (La. 2011). "In determining whether a defect presents an unreasonable risk of harm,

the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair." Reed v. Wal-Mart Stores, Inc., 708 So. 2d 362, 365 (La. 1998). Louisiana courts have developed a risk-utility balancing test, which considers:

> (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs' activities in terms of its social utility, or whether it is dangerous by nature.

Pryor, 60 So. 3d at 597. "For a defect to create an unreasonable risk of harm, the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." Ports v. Circle K Stores, Inc., 395 F. Supp. 2d 442, 445 (W.D. La. 2005).

### B. Analysis of Defendant's Motion for Summary Judgment

There are genuine disputes of material fact about whether the location, height, and failure to warn about the step created an unreasonably dangerous condition. These factual disputes do not allow the Court to find Plaintiff's conduct was unreasonable as a matter of law.

Every other external door Plaintiff used at the VA Hospital did not have an elevation change. (Doc. 29, Exs. Furlow F-L; Doc. 29-4). However, the exit where the accident occurred contained an elevation change down to a landing or step. (Doc. 24-4, 29-3). This difference between the other external doors and the external door where the accident occurred creates a genuine dispute about whether Defendant had a duty to warn Plaintiff about the elevation change.

Other genuine disputed material facts include, but are not limited to Plaintiff's ability to see the step through the glass door and Plaintiff's ability to see the step after opening the glass door and stepping outside. (Doc. 29-3). There is also a genuine dispute about Defendant's actual or constructive knowledge of potential danger based on the location of the step in proximity to the doorway and the height of the step. (Doc. 29, Exs. N, P, Q, R, V).

### C. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment will be denied.

SIGNED on this 25 day of September, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE